Thank you. We'll now turn to 20-6112, U.S. v. Jones. Mr. Wackenheim. Let's see. Wait. Before you start, we're missing Mr. Stevens, I think. Your Honor, he's still joining the court session here, coming out of the waiting room. Okay. Let me wait to see him before we start. All right. He just joined. I'll ask him to activate his camera. Okay. There we go. Okay. Mr. Wackenheim, please proceed. Thank you, Your Honor. And may it please the court, Kyle Wackenheim on behalf of Mr. Jones. The district court committed legal error in this case when it concluded that Mr. Jones' prior Oklahoma conviction qualified as a controlled substance offense under Chapter 4 of the guidelines. The key issue in this appeal that requires resolution is whether the term controlled substance in Chapter 4 of the guidelines should be given a definition that permits state law to control whether a federal sentencing enhancement applies. And we submit that the court should not interpret Section 4B 1.2B in that manner for the following primary reasons. First, there is a need for uniformity in federal sentencing. Accepting the government's position in this case would erode the foundation of federal sentencing law, the application of the categorical approach, which directs federal sentencing courts to refer to federal definitions of key terms without reliance on state law. Also submit that the rules of statutory construction do not favor a interpretation of controlled substance to include plain and ordinary meaning, because that term itself is a legal term of art that escapes plain and ordinary definition. And then finally, Mr. Jones submits that the weight of published authority on this issue, in addition to being persuasive, it favors this court deciding for Mr. Jones that controlled substance refers to the Controlled Substance Act. Why don't you explain how uniformity in sentence is advanced by your position? I would think the opposite. So explain why you think uniformity is advanced by your position. Well, and perhaps the premise of your question might be the concern of a sentencing disparity, that if an individual who was convicted of an offense that involves, say, methamphetamine in one jurisdiction that has a certain statute that's overly broad, would be subject to a different punishment than someone in a different state. So a sentencing disparity. I think that is... That is a lack of uniformity, is it not? Well, it is in the sense that that's... People convicted of the exact same offense in different states get different prior convictions, get different sentencing guidelines in different sentences in federal court, just because one of the states added a couple of substances to the Controlled Substance Act, even though no one's ever been prosecuted for those. Well, that is a consequence of the categorical approach. The categorical approach which federal judges have struggled with since 1990, and perhaps we should follow Alito's dissent and Mathis and turn the car around, but what we have is the categorical approach. And I think this court has also decided can't too, which as a practical application, offenders convicted of the same exact offense before the enactment of the revised Oklahoma schedule as compared to after enactment of the revised schedule. I think in 2007 or 8, those before are subject to a mandatory minimum 15 years, and those after get the benefit of the application of the categorical approach. So disparities do exist, but I don't think that that's dispositive of the issue here. Well, could the Guidelines Commission, the Sentencing Guidelines Commission, isn't stuck with these disparities caused by the categorical approach. It can make its own adjustments in the guidelines. So, it may have thought that you're going to have greater uniformity of sentencing if we just say violation of state controlled substance acts. And it doesn't matter that one state adds a few in terms of uniformity. We're not stuck with the Supreme Court decisions under the Armed Career Criminal Act. And the guidelines speak in terms of state controlled substance violations. So, you may have other very good and convincing arguments, but I'm not sure that uniformity is served. I don't think it's clear that serving uniformity requires coming out your way. I think the larger concern is by importing a definition that can encompass state's own definitions, that that erodes the categorical approach. But taking... Well, I don't think it's clear that the Sentencing Commission intended to do that. Now, we have not had a quorum for a number of years. The circuit split has developed in a healthy fashion in the past couple of years. So, we don't know exactly what the Sentencing Commission would do. But I think what's persuasive is, or is not as persuasive, is the history of this particular guideline, the 4B1.2B, which when it was promulgated, originally defined controlled substance offense in total. It didn't single out the term controlled substance. And when defining that offense, it identified specific statutes in Title 21. And I won't list those off, but each one of those statutes included a particular act. For example, 841, manufacturing, dispensing, possession with intent. There's importation in another section. And then at the end of that was, and similar offenses. Amendment 268 in 1989, the purpose of that amendment was to clarify those definitions and didn't speak specifically to controlled substance as that term was by itself. And so, it didn't broaden the definition of controlled substance. It didn't attempt to change it. It just made it a little clearer to prevent, say, sentencing courts and practitioners from referring to those individual statutes and just rely on what specific actions. Did the superseded language mention state law at all? The, so the current... And similar offenses, which presumably incorporated state offenses. Is that right? Yes, that's what the original guideline read, or similar offenses. And I know perhaps one of the of the 4B1.2B now states the term controlled substance offense means an offense under federal or state law. Well, it did back then too. In the commentary, it says controlled substance offense means any of the federal offenses identified by the statutes referenced above or substantially equivalent state offenses. That's always been there. Right. So, I don't think that the federal or state meaningfully changed what the commission had in mind at the time. And at the time, controlled substance itself, and this feeds into why I don't think a plain meaning of the statute of that term works. Controlled substance itself is a legal term of art that did not exist before the federal drug sentencing scheme in 1970. Black's Law Dictionary did not have a definition for that term. Let me get back to the language. Are you saying that there was no change, no substantive change in the guideline or the commentary caused by the revision of the language? It's just stylistic? Well, I think I hesitate to comment on that. That the change in language helps you. Well, I don't think that it affects this appeal because before controlled substance was not specifically defined and the subsequent amendment did not define controlled substance itself. So, I don't think it lends one way or the other, the fact that there has been a change. I hesitate to say whether there's been a substantive change because I have not done a deep dive into the actions and so on. What about the language substantially similar is no longer in the guideline, is that right? Or is it? And similar offenses in the original now reads offense under federal or state law. But the tension that the circuits have struggled with is does that term state law, is it also referred to the controlled substance? Is it a controlled substance under state law? And I think the Townsend decision out of the second circuit has a good language and reasoning about how that does not control necessarily the controlled substance. But what I'd also like to point out is that what the guideline does not say, it does not say controlled substances under federal or state law. That would make this issue a lot more clear. We don't have that. And I know that there's a concern that 4B1.2B also does not specifically reference the Controlled Substance Act in a similar manner of the Armed Career Criminal Act. And that somehow is a presumption that the Sentencing Commission intended to import either an ordinary meaning or state law definitions. But I think what can also be said is the lack of a federal statute, there is also a lack of a specific reference to a similar to state offenses or to a plain and ordinary meaning. Right. Don't you think that sort of goes in favor of the government, though? I mean, don't you think that that suggests that they weren't intending to limit it to federal substances controlled under federal law, that it was it was intending to be a broader reach into substances, controlled substances that were illegal under state or federal law? Well, the issue is much closer than it needs to be. I'll admit that. But I don't think that it dooms the appeal. And I think that what's important is that at the time, controlled substance had a very specific definition. And the term controlled substance began with what the federal schedule read, which was then adopted by the states. Now, those states have subsequently decided to add substances outside that schedule. And with that decision comes the consequence of having a schedule that's broader than the original definition of controlled substance. But the of Title 28, when it's directing the commission to promulgate these guidelines to take offenders towards the high end of the statutory range, refers specifically to offenses within the Controlled Substances Act. And while that's not a clear, specific reference, I think that commentary, including those that nine, excuse me, nine, nine, four is directing the commission to the Controlled Substances Act is persuasive to show. What do you mean? It's not a clear, specific reference that's pretty clear and specific to me in your favor. Well, it's not in the text of the guideline itself. And I know that don't the statutes outweigh the guidelines. Well, and I've made that argument in the brief that the enabling legislation limited the Sentencing Commission to what they could promulgate. So I'm not. That's that's one thing that I've wondered about in the arguments is the talk about the Sentencing Commission's intent. Who cares? It's the congressional intent that really matters, right? Or at least it can trump the Sentencing Commission. And isn't that laid out in the statute you cite, 994H? I agree with that, Your Honor. And I think that the concern that the other circuits have had with the absence of a specific reference in the guideline doesn't control for reasons that you've discussed that the statute trumps. I don't know if the court has any concerns about the Thomas decision as somehow controlling the outcome in this case. I submit that it does not control. We discussed that briefly in our briefing. One of the... It matters, though, because it's an instance where you can have a state offense that's not criminalized under the Controlled Substance Act, and it still counts as a controlled substance offense. It does have that result, but I think that result is unique to the term that was used in the guidelines, counterfeit substance, which based on the federal definition was redundant to controlled substance itself. So I think you can almost infer an intent on the part of the commission to incorporate a broader definition of counterfeit if the parenthetical or counterfeit substances was in the guideline itself. Let me follow up on Judge Phillips' comment, because you read the statute which says that the guidelines commission would consider particular federal violations as limiting the commission so that it can't also include state offenses. Well, I think you know what I mean, even though I probably didn't articulate it very well. And I'm not sure I'll have a satisfactory answer to that question, except to say that that statute informs what the commission was doing. It limits what they were permitted to do. Now, I know the government had in its response... Limits what they're committed to do or requires them to do something. That's the question. Well, I think it's more appropriate to say that Congress informed the commission for offenders that have violated or are violating these specific statutes, which include controlled substance as being a federal definition, that you need to promulgate a guideline that will encapsulate those individuals. But you also read that as not permitting, including state offenses. That's what I argued in our briefing. I don't know if that's the strongest argument that I'm offering to the court today. I don't abandon it, but I think that there are more persuasive reasons to rely on the federal definition of controlled substance. Well, there's a middle ground there, which is you can have state offenses so long as they have the same terms as the federal one. I would agree with that, Your Honor. Contrast... Oh, please. No, no, please. No, I can wait. Okay. Contrast that to what the Congress did with a crime of violence. It just said, for these category of people who harm society by these serious offenses, and they keep doing it, that they're going to get extra punishment. That's what Congress says to the commission. So, write something up. And on the first category, they just say a crime of violence, and they leave it to the commission to come up with what the commission wants to come up with. But contrast that to the drug section. Well, the crime of violence, I believe there's in Title 18, Section 16, it's not specifically referenced in the 994H, but there is a definition of crime of violence in the United States Code, which may have guided the commission. I don't have... I haven't looked at that in depth. If that's a concern for the court, I'd be happy to supplement that. But what's important is that when the courts are deciding if the state offenses do qualify as crimes of violence, the courts are not looking to the If it's not a categorical match, or if application of the modified categorical approach doesn't work, then it's not a crime of violence. And I think the specificity in the direction to the Controlled Substances Act in 994H only strengthens our argument to illustrate it didn't simply say controlled substance offenses. It was controlled substance offenses in these particular statutes, which they themselves have a specific definition of Now, the original language in the guideline was gave the federal offenses and then said, or similar offenses. Am I correct about that? Yes, Your Honor. And do you think similar meant they have the same elements, identical elements to the federal crimes? I don't... Was there some leeway to change the elements? For example, maybe a state has a provision forbidding solicitation, which is not one of the acts that is forbidden under the federal statute. Can it change in those elements? Does it have to be exact same controlled substances? What did you understand similar to be? Well, thankfully, that was amended before the categorical approach was applied. And so that's never been litigated. So, but similar offenses, I would, I think, I think you would still have to look to the elements of those particular earlier offenses. And each one of those elements required controlled substances defined in the Controlled Substances Act. If there aren't any further questions, we would just ask the court to affirm and not permit Section 4B1.2 to be triggered by convictions in states that outlaw substances that the federal government itself has declined to prohibit. Thank you. Thank you. Mr. Stevens. Your Honor, may it please the court. My name is Chris Stevens. I'm an assistant U.S. attorney in Oklahoma City, and I represent the government here. This court should affirm the district court's ruling that a controlled substance set forth in Section 4B1.2b doesn't require that that substance be federally controlled based on the text, the structure and the history of the guidelines. And I'd like to jump right into the question. Let me ask you right there, and not to hijack your argument, but I think this is the at least key point for me. If the 1987 guideline were still in effect and we had this string controlled substance offense as used in this provision means an offense defined in these federal statutes or similar offenses, and then we have the commentary meaning substantially similar state offenses. If that were still on the books right now, would you be maintaining the position that you're maintaining today? We would, Your Honor. Thank you, Judge. On what ground? Sure. So I do think the history of 4B1.2b is instructive here, particularly when you look at what Congress passed starting in the late 1980s. You're right to say that the commission's original definition of a controlled substance offense back in 1987 was this offense identified in several Title 21 sections. There have been subsequent amendments to that that I think make it clear as the court recognized with Judge Hartz and Thomas. But back to your specific question, Judge Phillips, there is authority. This court has found based on the Chavez decision in 2011, 660 F3rd 1215, that the Sentencing Commission has the authority under Title 28, Section 994 A1b to expand what is a controlled substance offense beyond those offenses that in that original language were described by. And that was a quote used by Congress described. But that's not answering my question. You're saying that they can change it, and so let's look at the changed one. I'm asking, if they hadn't changed it, would you still have a leg to stand on? Well, I think so, Your Honor. First, it's a hypothetical that we do have the benefit now of subsequent changes. But even back then, under the Chavez opinion, this court held that the commission acted within its broad authority in construing attempts to commit drug crimes as controlled substance offenses for purposes of the career offender guideline. That didn't include necessarily the attempts as laid out in the Title 21 offenses. But we do have, not to avoid your question, but we do have subsequent amendments to that section that removed those Title 21 offenses. And as this court noted in Thomas, the Sentencing Commission explained that the purpose of that 1989 amendment that changed the language and removed the specific references to Title 21 was to clarify the definitions of crime of violence and controlled substance offenses. And the court in Thomas, which Judge Breslin referred to, said that the reason for amendment part of the amendment 268 doesn't say anything. This is substantive. We've changed our mind or something else. It just simply says we're clarifying this. That sounds to me like, and you wouldn't think they would just list the federal drug offenses. When the commission says we're clarifying it, that sounds to me like we're just saying the same thing, only a little better, so people understand it better. Why is that wrong? Well, I'd respectfully suggest it's wrong, Your Honor, to look at what the commission did decide in the revised amendments to 4B1.2, where there is now this reference to federal law or state law for the offense. The commission removed any specific cross-references to any Title 21 offense. Back to what the court had raised earlier with you, Judge Phillips and Judge Hartz, in terms of the structure of the guidelines, I do think it's informative. You don't have to go any farther than 4B1.2a to look at the definition of a crime of violence, where you see the commission knows full well when to reference Title 18 or Title 21 offenses or Title 26 offenses in the case of crime of violence, when they want. And I think this is a case that need not be unnecessarily complicated when you look at the text of the guideline, and that was the basis for this court's decision in Thomas. The court there reiterated this common approach that the court interprets this word or phrase in the guidelines in accordance with an everyday meaning. The court there found it relevant that the controlled substance offense definition didn't include any cross-reference for counterfeit substance in Section 4B1.2, and we'd argue that same logic applies here with respect to the definition of a controlled substance. There is no cross-reference. There's no incorporation of the Controlled Substance Act. There's not any reference at all. And this absence, I think, is a fair and clear indication that the Sentencing Commission didn't intend that a controlled substance be federally controlled. This is what the Seventh Circuit in Ruth and the Fourth Circuit in Ward found to be instructive with these textual clues. As the Ruth court said in the Seventh Circuit, the Sentencing Commission clearly knows how to cross-reference federal statutory definitions when it wants to do so. Okay, pause there. And back to the point that I raised earlier, which is when you say cross-reference, I gather you mean like the guideline was, which was to spell out some federal defense. Isn't it way better to be anchored in the federal statute than it would be a Sentencing Commission, as Justice Scalia once called them, Junior Varsity Congress Guideline? There it is. It's in black and white in the U.S. Code. Those very provisions. I don't disagree with that, Judge, but what I'd point to again, Judge Phillips, is this court's prior case law that says the Sentencing Commission has discretion to interpret what a controlled substance offense means beyond those specific offenses Congress described in Section 994 when you look at the authority under Section 994H. I'm looking again at the Chavez decision. The court ruled that the Commission relied on this broad grant of authority in defining the term controlled substance offense and that it did not rely solely on its promulgation authority under Title 28, Section 994H. It's clear from the amendments to the background commentary. So your position is, in response to the 994H argument, is that 994H, say 1B, would not limit you to federally controlled substances, but that's just Congress saying, look, we want to make sure you include those. So it's sort of including but not limited to Is that your position? It is, Judge Carson. And again, I think that language described in is instructive. Congress certainly knew the difference and it's even come up here recently in the context of compassionate release and describing the difference between what Congress had in mind under Section 994 between described in versus defined in. And described in doesn't necessarily limit those following offenses. It just gives parameters or guideposts. The Court, the Sentencing Commission, did have authority to interpret those and authority to include state offenses. I think it's important here, too, to look at the textual differences between what we have in 4B1.2B versus some of this Court's prior decisions, and particularly as it's hitched as a guidepost to Thomas. Of course, we have the Cantu decision where this E2A2, where that references specifically the Controlled Substance Act. Even in the Ruth's Seventh Circuit decision, that issue dealt with an 851 enhancement for a felony drug offense where all the categories of covered drugs were specifically set out under Title 21. The Court's probably familiar with the Malooly Supreme Court case dealing with an INA statute under Title 8, where there, again, that specific statute referred to Title 21.802. And then, as I mentioned earlier, you have the guidelines where Section 4B1.2 specifically refers to Title 21 and Title 26 offenses and Title 18 offenses. And you've got Section 2D1.2, as we saw in the Abdel Jawad case, where the Court refers specifically in its commentary to Title 21 offenses. Unlike all those examples, the 4B1.2B language here doesn't include any cross-reference or specific mention of a federal statutory definition. The Court here in Thomas noted that if the Sentencing Commission also intended to use that Title 21 statutory definition in 4B1.2, it would have been, quote, to omit that cross-reference there. I would like to touch base on what Judge Hartz asked initially of defense in terms of uniformity of sentencing based on this application of 4B1.2. Judge Hartz, I believe you asked a similar question in the recent Russey oral arguments in describing the idiosyncrasies of state law and the application of 4B1.2 according to the defense if the Court were to adopt that position. And I do think that's a valid concern. I believe you provided a hypothetical where roughly the federal schedule included 100 different federally controlled substances. Say Oklahoma or other states included 103, including these very uncommon examples like we have in Oklahoma, Salvorum, or TFMPP, that that was the basis for this Court's ruling in Cantu that that was an overbroad decision or an overbroad statute. But under the defense's application here, someone who, for example, in the case of Mr. Jones, had possession with the intent to distribute quantities of PCP under Oklahoma's statute that is broader than the federal schedule would not be sentenced as a career offender or with a four-level or with a sentencing enhancement for a gun offense, but perhaps a sentence in an or I'm sorry, that Court's states that state's controlled substance list was more narrow would be sentenced and that would with a career offender or guidelines enhancement. It does lead to the sentencing problems. I think on top of that, you have you would have an unusual situation here where after the Court's decision in Thomas, where a defendant like Mr. Jones may well not have his Oklahoma conviction for distributing PCP count, but another defendant could have a 4B1.2 enhancement count for a counterfeit substance offense. So if there were some offense masquerading as PCP to read Thomas, that offense may count, but the offense for Mr. Jones would not count. Unless the Court has additional questions, I'd yield the remainder of my time and ask the Court to affirm the District Court's decision. Any questions from other members of the panel? Okay, I think Mr. Wackenheim actually did use all his time. So the case is submitted and counsel, thank you for your arguments, your excuse.